UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

DAVID THOMPSON,

     Plaintiff,

vs.

REGIONS SECURITY SERVICES,
INC., a Florida corporation,

     Defendant.

_____/

**Jury Trial Demanded**

## COMPLAINT

The plaintiff, David Thompson, by his undersigned attorney, makes the following complaint against the defendant, Regions Security Services, Inc.:

### Jurisdiction and Venue

1.  This action is brought to redress violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. This court has jurisdiction of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.  The claims asserted in this action arose within this district and the alleged statutory violation occurred in this district. Venue of this action is proper pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391.

### Parties

3.  The plaintiff, David Thompson ("Thompson"), is and at all times relevant to this complaint was a resident of the state of Florida and worked for the Defendant in Coral Springs, Broward County, Florida.

4.      The defendant, Regions Security Services, Inc. ("RSSI"), is a corporation organized and doing business pursuant to the laws of the state of Florida with a principle place of business in Miami, Florida.

### General Allegations

5.      At all times relevant to this complaint, Thompson was employed by RSSI as a security guard.

6.      Throughout the course of his employment by RSSI, Thompson was a non-exempt employee who was paid an hourly wage.

7.      Thompson typically worked 40 hours per workweek until approximately January 2019, when his employer began to schedule him to work approximately 60 hours per workweek.

8.      Prior to the pay period beginning on July 22, 2019 and ending August 4, 2019, RSSI paid Thompson a regular rate of $13.00 per hour and an additional premium rate of $6.50 per hour for hours worked in a workweek in excess of 40, resulting in a time-and-a-half overtime rate of $19.50 per hour.

9.      During and after the pay period that began on July 22, 2019, RSSI reduced Thompson's regular rate to $11.15 per hour.

10.      RSSI reduced Thompson's regular rate to avoid paying the full overtime rate that it would otherwise have owed to Thompson.

11.      During and after the pay period that began on July 22, 2019, Thompson was paid a time-and-a-half overtime rate of $16.73 for hours worked during the workweek in excess of 40.

12.      Thompson continued to receive reduced pay, including reduced overtime compensation, during each pay period through the pay period that began on June 22, 2020.

13.     Thompson worked 30 to 50 hours of overtime during each pay period from the pay period that began on July 22, 2019 through the pay period that began on June 22, 2020.

14.     During and after the pay period that began on July 6, 2020, RSSI reduced Thompson's work schedule to 40 hours per workweek with no overtime.

15.     After RSSI reduced Thompson's hours to 40 per workweek, it restored his regular rate of $13 per hour, effective with the pay period beginning July 20, 2020. RSSI also gave Thompson additional compensation of $1.85 per hour for the hours Thompson worked during the pay period beginning July 6, 2020, effectively making the wage increase retroactive to that pay period.

**<u>Claim for Unpaid Overtime in Violation of FLSA</u>**

16.     Thompson realleges and incorporates the allegations made in paragraphs 1 to 15 of this complaint.

17.     At all times relevant to this complaint, RSSI was an enterprise engaged in an industry affecting commerce and was an employer as defined by 29 U.S.C. § 203(d), which had employees engaged in commerce, including Thompson, who were subject to the provisions of the FLSA.

18.     From on or about July 22, 2019 to on or about July 5, 2020, RSSI reduced Thompson's established regular rate to an artificially low rate to avoid the overtime provisions of the FLSA.

19.     Pursuant to 29 C.F.R. § 778.500(a), RSSI's wage payment scheme violated the FLSA because "[p]ayment for overtime on the basis of an artificial 'regular' rate will not result in compliance with the overtime provisions of the Act."

20.      RSSI willfully, intentionally, and with reckless disregard for the statutory rights of Thompson violated 29 U.S.C. § 207 by failing to pay Thompson the full premium overtime wages he earned for all hours worked in excess of 40 during each workweek.

21.      Pursuant to 29 U.S.C. § 216(b), Thompson is entitled to recover his unpaid overtime wages, including interest, and an additional equal amount as liquidated damages, in amounts to be proven at trial, as well as reasonable costs and attorney's fees.

## Demand for Relief

WHEREFORE, Plaintiff David Thompson requests judgment against Defendant Regions Security Services, Inc. for:

a.      unpaid overtime wages in an amount to be proved at trial;

b.      liquidated damages equal to the sum of the monetary losses and the interest requested above;

c.      an award of reasonable attorney's fees and the costs of this action; and

d.      such further relief as is just.

**Plaintiff demands a trial by jury.**

Dated: October 23, 2020
Plantation, Florida                                    Respectfully submitted,


                                                       */s/Robert S. Norell*
                                                       Robert S. Norell, Esq. (Fla. Bar No. 996777)
                                                       E-Mail: rob@floridawagelaw.com
                                                       **ROBERT S. NORELL, P.A.**
                                                       300 N.W. 70th Avenue
                                                       Suite 305
                                                       Plantation, FL 33317
                                                       Telephone: (954) 617-6017
                                                       Facsimile: (954) 617-6018
                                                       *Counsel for Plaintiff*