UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division

Case No.: 20-62152-CIV-DIMITROULEAS/Snow

**David Thompson**,

    Plaintiff,

vs.

**Regions Security Services, Inc.**, a for profit Florida corporation,

    Defendant.

### DEFENDANT REGIONS SECURITY SERVICES, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS AND INCORPORATED MEMORANDUM OF LAW

Defendant, Regions Security Services, Inc. ("Regions Security"), by and through undersigned counsel, and pursuant to F.R.Civ. P. 12(c), hereby files the instant Motion for Judgment on the Pleadings and Incorporated Memorandum of Law with respect to Plaintiff's Complaint [DE 1], and states:

**I.    MOTION FOR JUDGMENT ON THE PLEADINGS**

1. Plaintiff David Thompson brings this Complaint against Defendant Regions Security in one count alleging violation of the Fair Labor Standards Act 29 U.S.C. §201-219 ("FLSA") for failure to pay overtime wages. 29 U.S.C. §207(a).

2. Although Plaintiff alleges that he began working for Regions Security at some earlier, unspecified point in time, he alleges that the period of the FLSA violations occurred only during the period beginning July 22, 2019 and ending July 5, 2020, *i.e.*: a contiguous period of approximately 50 consecutive weeks (hereinafter "the Period of the Alleged FLSA Violations"). [DE 1 at p 1, ¶ 9; p. 3, ¶ 18].

3. During "the Period of the Alleged FLSA Violations", Plaintiff alleges that he was paid at the "regular rate" of "$11.15 per hour" for up to forty (40) in a given work week, and that he was paid the corresponding premium "rate of $16.73 for hours worked during the workweek in excess of 40." [DE 1, p. 2, ¶¶ 9 and 11].

4. Plaintiff does not (and cannot) allege that he received any remuneration other than a base hourly rate of pay for regular hours ($11.15), and the corresponding premium hourly rate ($16.73) of time-and-a-half for overtime hours worked in any workweek during "the Period of the Alleged FLSA Violations".

5. Plaintiff does not allege (and cannot) that his base rate of pay was unlawfully low during "the Period of the Alleged FLSA Violations". On the contrary, the base rate of pay Plaintiff alleges to have been paid during "the Period of the Alleged FLSA Violations" is well above the applicable FLSA minimum wage rate of $7.25 and well above the Florida Minimum Wage Act minimum wage rate of $8.46 (through the end of 2019) or $8.56 (beginning January 1, 2020).[1]

6. Plaintiff does not allege that his Employer paid him less than the premium rate of "time-and-a-half" for hours he worked in excess of 40 during a given workweek at any time during "the Period of the Alleged FLSA Violations". On the contrary, the alleged overtime rate paid to Plaintiff by the Employer ($16.73) is, in fact, fractionally greater than "time-and-a-half" of the alleged "regular rate" of pay.

---

[1] / For a detail of the applicable minimum wage under the Florida Minimum Wage Act, see the following hyperlink: https://floridajobs.org/docs/default-source/business-growth-and-partnerships/for-employers/posters-and-required-notices/2020-minimum-wage/florida-minimum-wage-history-2000-2020.pdf

7. Plaintiff does not allege that he received any other remuneration in addition to his "regular rate" of hourly pay for regular hours worked, or "his premium rate" of hourly pay for overtime hours worked.

8. The entire premise of the Plaintiff's Complaint depends upon the unsupportable conclusory proposition that the Plaintiff's "regular rate" of pay during "the Period of the Alleged FLSA Violations" is an "artificial 'regular' rate" [DE 1, p. 3, ¶ 19] because he was paid at a higher "regular rate" for a period of time *prior* to "the Period of the Alleged FLSA Violations". The entire premise of this conclusory allegation is that because the Plaintiff was paid at a higher "regular rate" ($13.00) prior to "the Period of the Alleged FLSA Violations", that his "regular rate" for purposes of calculating the overtime premium should be higher than the actual remuneration he received *during* "the Period of the Alleged FLSA Violations". This does not state a claim for overtime violations under the FLSA because Plaintiff alleges he was paid a patently lawful "regular rate" of pay, and was paid the corresponding premium rate for all overtime hours.

9. In other words, it is undisputed (and actually alleged by Plaintiff) that Plaintiff was always paid a lawful "regular rate" of pay for regular hours, and that he was always paid at least the corresponding premium rate for overtime hours. Because the Plaintiff's Complaint [DE 1] actually alleges that Regions Security meticulously complied with the FLSA's overtime wage requirements, the Complaint necessarily fails to allege a violation of the FLSA's overtime requirements.

WHEREFORE, Defendant respectfully requests that Plaintiff's Complaint [DE 1] be dismissed with prejudice, since the facts alleged are inconsistent with FLSA overtime liability, that the Court enter judgment in favor of the Defendant, and further grant such further relief as the Court deems meet and proper under the circumstances of this case.

## II. LEGAL STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard of review for a motion for judgment on the Pleadings is "almost identical to that used to decide motions to dismiss." *Doe v. Bd. Of Cnty. Comm'rs*, 815 F. Supp. 1448, 1449 (S.D. Fla. 1992). Theoretically, a motion for judgment on the pleadings is the equivalent of a Rule 12(b)(6) motion. A Rule 12(c) motion also challenges the legal sufficiency of the opposing party's pleadings. In other words, both types of motions ask the trial court to look at the pleadings and determine whether a claimant has alleged a legally cognizable claim. Business and Commercial Litigation in Federal Courts § 7:35 (Hon. Robert S. Lasnik) (Robert L. Haig ed., West Group & ABA Section of Litigation, 2d ed. 2005).

When considering a motion for judgment on the pleadings, the Court must accept all well-pleaded facts in the complaint as true and draw all reasonable inferences in favor of the plaintiff, the non-movant. *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006). However, "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Long v. Fulton Cnty. Sch. Dist.*, 807 F. Supp. 2d 1274, 1282 (N.D. Ga. 2011)(internal Quotation omitted).

"To obtain a judgment on the pleadings, the moving party must clearly establish that no material issue of fact remains unresolved and that it is entitled to judgment as a matter of law." *Thunder Wave, Inc. v. Carnival Corp.,* 954 F. Supp. 1562, 1564 (S.D. Fla. 1997). "Judgment on the pleadings under Rule 12(c) is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera,* 292 F.3d 695, 700 (11th Cir. 2002) (citing *Hawthorne v. Mac*

*Adjustment, Inc.,* 140 F.3d 1367, 1370 (11th Cir. 1998)). "If upon reviewing the pleadings it is clear that the [counter-]plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." *Id.* (citing *White v. Lemacks,* 183 F.3d 1253, 1255 (11th Cir. 1999)).

While a court must accept all factual allegations pled in the complaint as true, and draw all reasonable inferences in favor of the nonmoving party, a court need not accept as true unreasonable inferences or conclusory legal allegations in the form of factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, to survive a motion to dismiss under Rule 12(b)(6), Plaintiffs' must plead facts sufficient to show a plausible claim for relief. *Id.*, *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

### III. MEMORANDUM OF LAW & CITATION TO AUTHORITY

#### A. Plaintiffs' Complaint fails to Satisfy this Court's Pleading Standard Under Fed. R. Civ. P. 8.

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has stated that a failure to plead "enough facts to state a claim to relief that is plausible on its face," warrants dismissal of the claim. *Twombly*, 550 U.S. 544, 570 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions…." *Id*. at 555 (citations omitted).

The Supreme Court shed light on the minimum pleading requirements in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. Notably, however, "the tenet that a court must accept as true all of the allegations contained in a complaint

is inapplicable to legal conclusions." *Id*. Legal conclusions must be supported by "enough facts to raise a reasonable expectation that discovery will reveal evidence." *Twombly*, 550 U.S. 544, 545 (2007). Thus, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and it does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal* at 678-79.

In the instant case, Plaintiff's Complaint falls short of what is required by Rule 8(a)(2) because it contains mere labels and conclusions that Plaintiff was paid an "artificial 'regular' rate", but does not allege that he received any remuneration other than a lawful "regular rate" for regular hours he worked, and the corresponding premium rate for overtime hours worked. In other words, Plaintiff alleges that he is entitled to be paid at a premium rate greater than the "time and a half" rate corresponding to his actual remuneration for regular hours worked. This is unsupportable.

> **B.    The Plaintiff Alleges that he was Lawfully Paid for Overtime Hours he Worked at the Applicable Overtime Premium Rate Based Upon the Actual "Regular Rate" of Pay he Received.**

The Overtime pay requirements of the Fair Labor Standards Act are provided by §7 of the Act, which provides in pertinent part as follows:

> **(1)** Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours **unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed**.

29 U.S.C. §207(a)(1). Thus, "[a]n employer who requires or permits an employee to work overtime is generally required to pay the employee premium pay for such overtime work." https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs23.pdf. In order to properly calculate the overtime premium rate, an employer must multiply the employee's "regular rate" at

6

which his employee is paid, and multiply that "regular rate" by 1.5.  The FLSA specifically defines "regular rate" as follows:

> **(e) "REGULAR RATE" DEFINED.** As used in this section the "regular rate" at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, ….

29 U.S.C. §207(e).

The "regular rate" of pay under the Act cannot be left to a declaration by the parties as to what is to be treated as the regular rate for an employee; it must be drawn from what happens under the employment contract. *Bay Ridge Operating Co. v. Aaron,* 334 U.S. 446 (1948). The Supreme Court has described it as the hourly rate actually paid the employee for the normal, non-overtime workweek for which he is employed—an "actual fact". *Walling v. Youngerman-Reynolds Hardwood Co.,* 325 U.S. 419 (1945). The "regular rate" includes "all remuneration for employment paid to, or on behalf of, the employee" except payments "specifically excluded by paragraphs (1) through (7) of that subsection." 29 C.F.R.§778.108, referring to §207 of the Act. See  29 U.S.C. §207(e)(1)-(8).

The "regular rate" under the Act is an hourly rate. This means that an employee's "regular rate" of pay is "the hourly rate actually paid the employee for the normal, non-overtime workweek for which [s]he is employed." *Walling v. Youngerman-Reynolds*, 325 U.S. at 424. See also *United States v. Rosenwasser*, 323 U.S. 360, 363-64 (1945) (holding that "Section 7(a) [of the FLSA] refers to a 'regular rate' which we have defined to mean 'the hourly rate actually paid for the normal, non-overtime workweek.'" (quoting *Walling v. Helmerich & Payne, Inc.*, 323 U.S. 37, 40 (1944)). The regular rate includes all remuneration for employment, except certain payments excluded by the Act itself. See 29 U.S.C. §207(e)(1)-(8).

Of course, the regular rate of pay cannot be less than the minimum wage. https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs23.pdf. The "regular rate" is thus a mathematically definable figure which is equal to the actual remuneration paid divided by the number of hours worked. "The amount of overtime pay due to an employee is based on the employee's regular rate of pay and the number of hours worked in a workweek. Earnings may be determined on a piece-rate, salary, commission, or some other basis, but in all such cases the overtime pay due must be computed on the basis of the average hourly rate derived from such earnings. This is calculated by dividing the total pay for employment (except for the statutory exclusions) in any workweek by the total number of hours actually worked to determine the regular rate." https://www.dol.gov/agencies/whd/fact-sheets/56a-regular-rate.

Importantly, the "regular rate" is based upon actual facts and cannot be circumvented by an agreement or legal fictions. The regular rate may not be lower than the FLSA minimum wage or, where applicable, a higher state or local minimum wage. If the regular rate is higher than the federal FLSA minimum wage, overtime compensation must be calculated using that higher regular rate. https://www.dol.gov/agencies/whd/fact-sheets/56a-regular-rate

Under the FLSA, employers and employees are "free to establish [the] regular [non-overtime] rate at any point and in any manner they see fit," "[a]s long as the minimum hourly rates established by Section 6 [of the FLSA] are respected." *Walling v. Youngerman-Reynolds Hardwood Co, Inc.*, 325 U.S. at 424. Similarly, "nothing in the [FLSA] bars an employer from contracting with his employees to pay them the same wages that they received previously, so long as the new rate equals or exceeds the minimum required by the [FLSA]." *Walling v. A. H. Belo Corp.*, 316 U.S. 624, 628-30 (1942) at 630. The Eleventh Circuit followed *Belo*'s holding in a case involving a municipal employer. *See Wethington v. City of Montgomery*, 935 F.2d 222 (11th Cir. 1991). Citing *Belo*, the Eleventh Circuit held that, if a new pay plan "actually employed is valid

under the [FLSA], the fact that the regular rate adopted prior to the [FLSA's] effective date produces a total pay no greater than the total pay under a prior system is not enough to establish a violation of the FLSA." *Id*. at 229. The court read *Belo* to support the City's argument that it is not a violation of the [FLSA] to reduce the hourly rate paid employees in order to avoid greater payments upon application of the FLSA." *Id*. See e.g., *Conner v. Celanese, Ltd.*, 428 F. Supp. 2d 628, 637 (S.D. Tex. 2006) (holding that "an employer can comply with the FLSA by reducing the 'regular' wage paid to its employees and pay overtime at one and one-half times the reduced regular rate such that the total pay to the employees remains the same").

In this case, the allegations of the Complaint make clear that the total remuneration paid to the Plaintiff during "the Period of the Alleged FLSA Violations" greatly exceeded the weekly (or per pay period) compensation he was paid both before and after "the Period of the Alleged FLSA Violations". If an employee is employed solely on the basis of a single hourly rate during any given workweek, as the Plaintiff specifically alleges here [see DE 1, ¶ 6], the hourly rate **is** the "regular rate." For overtime hours of work the employee must be paid, in addition to the straight time hourly earnings, a sum determined by multiplying one-half the hourly rate by the number of hours worked in excess of 40 in the week. 29 C.F.R.§778.109.

The Plaintiff's Complaint specifically alleges the "regular rate" paid to him during the periods of time during which he alleges the supposed FLSA overtime violations occurred. DE 1, ¶ 9. He then alleges to have been paid at the corresponding premium rate, precisely as required by the FLSA's overtime hours stricture. DE 1, ¶ 11. The Plaintiff does NOT allege (and cannot) that he received any remuneration other than the hourly rate of pay he received, or that any remuneration was improperly excluded from the "regular rate" he himself specifically alleges. He does not allege that the regular rate paid to him was unlawfully low under the FLSA, or below any

other applicable state or local applicable minimum wage requirement. Rather, Plaintiff alleges that although his entire remuneration for every applicable pay period and workweek was based upon a lawful regular rate of pay, and that he was paid at the corresponding premium rate for overtime hours he worked, that such lawful, actual, factual pay rates were "artificial" because at one point in the past his regular rate of pay was higher than it was during "the Period of the Alleged FLSA Violations". As will be explained, this conclusory allegation that his actual remuneration is "artificial" represents a contradiction in terms, since an "artificial rate of pay" is one which fails to include all non-excludable remuneration paid.

    **C.    A "Regular Rate" of Pay that includes all Remuneration Cannot by definition be an "Artificial Rate" of Pay.**

As a preliminary matter, it should be noted that the FLSA does not define the phrase "artificial regular rate" of pay as alleged by the Plaintiff. However, the phrase is defined in Subpart F of the Department of Labor Regulations governing "Pay Plans which circumvent the Act", and provides in pertinent part as follows:

> **§ 778.500 Artificial regular rates.**
> **(a)** Since the term *regular rate* is defined to include all remuneration for employment (except statutory exclusions) whether derived from hourly rates, piece rates, production bonuses or other sources, the overtime provisions of the act cannot be avoided by setting an artificially low hourly rate upon which overtime pay is to be based and making up the additional compensation due to employees by other means. ***The established hourly rate is the "regular rate" to an employee only if the hourly earnings are the sole source of his compensation***. Payment for overtime on the basis of an artificial "regular" rate will not result in compliance with the overtime provisions of the Act.

29 C.F.R. §778.500 (emphasis added).

In this case, the Plaintiff alleges that his regular rate of pay is "artificial" because his regular rate of pay was reduced for a period of approximately fifty weeks. Under the Plaintiff's own allegations, his level of compensation actually increased during "the Period of the Alleged FLSA

10

Violations" because during that period he worked between 30 and 50 overtime hours per pay period. However, such differentiation in a regular hourly rate of pay is not unusual or unlawful, and Plaintiff cites no authority to suggest otherwise. It is not unusual for employees to work at different hourly rates, even within a single workweek; in fact, the regulations contemplate this possibility. For example, where an employee in a single workweek works at two or more different types of work for which different non-overtime rates of pay (of not less than the applicable minimum wage) have been established, his regular rate for that week is the weighted average of such rates. That is, his total earnings (except statutory exclusions) are computed to include his compensation during the workweek from all such rates, and are then divided by the total number of hours worked. 29 C.F.R. §778.115.

Plaintiff essentially alleges – not that he has been paid at an artificial base rate of pay, but rather – that the FLSA requires his overtime premium rate be calculated by reference to an artificial regular rate based upon what he was paid in periods other than those for which he is actually being compensated, that his overtime premium during the alleged period of violation should be based – not on his actual compensation as specifically required by law – but on a regular rate in place during a different period of employment, encompassing separate workweeks and pay periods. As Plaintiff himself specifically alleges, at all times his regular rate was above the minimum rate required by law. The notion that Plaintiff's "regular rate" of pay should include anything more than the actual (non-excludable) remuneration paid for work performed during a given workweek is patently contrary to settled law. As the Supreme Court has made clear, an employee's "regular rate" is an actual, mathematical fact, which is not subject to declaration or agreements regarding what counts or doesn't count as remuneration. See *Bay Ridge Operating Co.* v. *Aaron,* 334 U.S. 446 (1948).

## IV. CONCLUSION

Plaintiff's claim under the FLSA literally alleges payment of a lawful "regular rate" of pay, and payment of the corresponding premium rate of pay for overtime hours worked in every workweek and pay period. As such, Plaintiff fails to state a claim and Defendant Regions Security is entitled to judgment as a matter of law.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 4, 2020 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court via CM/ECF and served on all counsel of record and parties listed on the Service List below in the manner indicated therein.

ANTHONY F. SANCHEZ, P.A.
ATTORNEYS FOR DEFENDANT
6701 SUNSET DRIVE, SUITE 101
MIAMI, FLORIDA 33143
TEL.:   305-665-9211
FAX:    305-328-4842
EMAIL:  afs@LABORLAWFLA.COM

BY:  /S/ ANTHONY F. SANCHEZ
     ANTHONY F. SANCHEZ
     FLORIDA BAR NO.789925

## SERVICE LIST

| | |
|---|---|
| Robert S. Norell, Esq. | Anthony F. Sanchez, Esq. |
| Florida Bar No.: 996777 | Florida Bar No.: 789925 |
| Email: rob@floridawagelaw.com | Email: afs@laborlawfla.com |
| *Counsel for Plaintiff* | Email: faz@laborlawfla.com |
| ROBERT S. NORELL, P.A. | *Counsel for Defendant* |
| 300 N.W. 70th Avenue, Suite 305 | ANTHONY F. SANCHEZ, P.A. |
| Plantation, Florida 33317 | 6701 Sunset Drive, Suite 101 |
| Tel:   954-617-6017 | Miami, Florida 33143 |
| Fax:   954-617-6018 | Tel:   305-665-9211 |
| *Via Notice of Electronic Filing* | Fax:   305-328-4842 |