UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-62152-CIV-DIMITROULEAS

DAVID THOMPSON,

    Plaintiff,
v.

REGIONS SECURITY SERVICES, INC.
A Florida Corporation,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION
## FOR JUDGMENT ON THE PLEADINGS

THIS CAUSE is before the Court on Defendant Regions Security Services, Inc. ("Defendant" or "Regions")'s Motion for Judgment on the Pleadings. [DE 7]. The Court has carefully considered the Motion, Plaintiff David Thompson ("Plaintiff" or "Thompson")'s Response [DE 8], Defendant's Reply [DE 11], and is otherwise fully advised in the premises.

    a. ***Background***

On October 23, 2020, Plaintiff filed suit against Defendant, alleging a Claim for Overtime in Violation of FLSA. *See* [DE 1].   On November 30, 2020, Defendant filed its Answer and Affirmative Defenses. *See* [DE 6].   Defendant then filed the instant motion for judgment on the pleadings. *See* [DE 7].   The Motion is now ripe for review. *See* [DE's 7, 8, 11]. For the reasons stated herein, the Court will grant the Motion.

    b. ***Standard of Review - Judgment on the Pleadings***

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed - but early enough not to delay trial - a party may move for judgment on the pleadings." Fed.R.Civ.P.

1

12(c). In such a motion, the Court accepts all facts alleged in the complaint as true and makes all inferences in the light most favorable to the nonmoving party. *Hart v. Hodges*, 587 F.3d 1288, 1290 (11th Cir. 2009). The Court may consider all of the pleadings, including the complaint, answer, counterclaim, and answer to the counterclaim. *Fla. Evergreen Foliage v. E.I. DuPont de Nemours & Co.*, 165 F. Supp. 2d 1345, 1350 (S.D. Fla. 2001). If there are no issues of material fact and the moving party is entitled to judgment as a matter of law, then judgment on the pleadings should be granted. *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996).

### c. Discussion

According to the factual allegations of Plaintiff's Claim for Overtime in Violation of FLSA, Thompson was employed by RSSI as a security guard. [DE 1] at ¶ 5. Throughout the course of his employment by RSSI, Thompson was a nonexempt employee who was paid an hourly wage. ¶ 6.

Thompson typically worked 40 hours per workweek until approximately January 2019, when RSSI began to schedule him to work approximately 60 hours per workweek. ¶ 7. Prior to the pay period beginning on July 22, 2019 and ending August 4, 2019, RSSI paid Thompson a regular hourly rate of $13.00 per hour and a premium rate of an additional $6.50 per hour for hours worked in a workweek in excess of 40, resulting in a time-and-a-half overtime rate of $19.50 per hour. ¶ 8.

For approximately one year, from the pay period that began on July 22, 2019 through June 22, 2020, RSSI reduced Thompson's regular hourly rate to $11.15 per hour to avoid paying the overtime rate that it would otherwise have owed to Thompson if his hourly rate was higher. ¶¶ 9, 10, 12. During and after the pay period that began on July 22, 2019, Thompson was paid

a time-and-a-half overtime rate of $16.73 for hours worked during the workweek in excess of 40. ¶11.   Thompson worked 30 to 50 hours of overtime during each pay period from the pay period that began on July 22, 2019 through the pay period that began on June 22, 2020. ¶13.

During and after the pay period that began on July 6, 2020, RSSI reduced Thompson's work schedule to 40 hours per workweek with no overtime. ¶14.   After RSSI reduced Thompson's hours to 40 per workweek, it changed his regular hourly rate to $13 per hour, effective with the pay period beginning July 20, 2020. ¶15. RSSI also gave Thompson additional compensation of $1.85 per hour for the hours Thompson worked during the pay period beginning July 6, 2020, effectively making the wage increase retroactive by two weeks. ¶15.

Based upon these factual allegations, Plaintiff contends, that during the approximately one-year period in which Plaintiff worked a significant number of overtime hours, RSSI violated the overtime page provisions of the FLSA by paying him an "artificial" regular rate in violation of 29 C.F.R. §778.500(a) and therefore failing to pay him the full time-and-a-half overtime rate in violation of 29 U.S.C. § 216(b). *See* [DE 1].   Plaintiff misapprehends the relevant statutory provisions and corresponding regulations.[1]

Plaintiff asserts that the allegations set forth above demonstrate a violation of a Department of Labor regulation, 29 C.F.R. § 778.500(a), which states as follows:

> (a) Since the term regular rate is defined to include all remuneration for employment (except statutory exclusions) whether derived from hourly rates, piece rates, production bonuses or other sources, the overtime provisions of the act cannot be avoided by setting an artificially low hourly rate upon which overtime pay is to be based and making up the additional compensation due to employees by other means. The established hourly rate is the "regular rate" to an employee only if the hourly earnings are the sole source of his compensation. Payment for overtime on the basis of an artificial "regular" rate will not result in

---

[1] Plaintiff quotes from 29 C.F.R. § 778.500 in his Complaint [DE 1] and Response [DE 8]. By excising a few phrases and sentences from the regulation, however, Plaintiff misconstrues the substance of the regulation.

compliance with the overtime provisions of the Act.

29 C.F.R. § 778.500(a).

Here, it is undisputed that Plaintiff received only an hourly rate and no other forms of compensation from RSSI. *See* [DE 1] at ¶6.   Therefore, as hourly earnings were the sole source of his compensation, his hourly rate was the "regular rate" for purposes of calculating his time-and-a-half overtime rate. *See* § 778.500(a).   There are no allegations establishing that RSSI paid him less than the overtime rate of "time-and-a-half" of his "regular rate" for hours he worked in excess of 40 during a given workweek at any time, in violation of § 216(b).   The DOL regulation Plaintiff relies upon provides examples of "artificial rates" which would subvert the FLSA's overtime provisions. *See* 29 C.F.R. §778.500(b).   However, the examples provided in the regulation are inconsistent with the allegations set forth in the Complaint.   Unlike the "artificial regular rate" devices described in the regulation, Plaintiff does not allege that his "regular rate" of pay fluctuated from week to week depending upon whether or not he worked overtime hours, so that he would never actually be paid overtime hours at a premium rate; he does not allege that his regular rate during overtime hours was less than the rate during regular hours in the same pay-week, and he does not allege that he agreed to receive the same total sum for all hours worked without regard to the number of overtime hours worked. *See* 29 C.F.R. 778.500(b).   On the contrary, the allegations establish that the hourly rates were operative for substantial periods (the term during which Plaintiff earned a lower regular hourly rate was for approximately one year), and did not vary from week-to-week depending on how much Plaintiff happened to work that particular week[2], and that Plaintiff was paid time-and-one-half overtime

---

[2] *See* 29 C.F.R. § 778.327(b), prohibiting the device whereby on "occasional weeks" where the employee works less overtime hours and the employer raises their hourly rate during those weeks.

compensation throughout all periods of his employment.

Accordingly, the Court finds that the factual allegations of the Complaint are inconsistent with FLSA overtime liability, and therefore, that Defendant is entitled to entry of judgment on the pleadings in its favor.

### d. Conclusion

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion for Judgment on the Pleadings [DE 7] is **GRANTED**;
2. Pursuant to Fed. R. Civ. P. 58(a), the Court will enter a separate final judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 18th day of March, 2021.

*[signature]*

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:
Counsel of record