## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 0:20-CV-62152-DIMITROULEAS/AUGUSTIN-BIRCH

**DAVID THOMPSON,**

      **Plaintiff,**

**v.**

**REGIONS SECURITY SERVICES, INC.,**

      **Defendant.**

_____/

### REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR COSTS AND ON PLAINTIFF'S MOTION FOR AWARD OF ATTORNEY'S FEES AND REASONABLE EXPENSES OF LITIGATION

The Honorable William P. Dimitrouleas, United States District Judge, referred this matter to the undersigned United States Magistrate Judge for appropriate disposition or report and recommendation on Plaintiff's Motion for Costs and on Plaintiff's Motion for Award of Attorney's Fees and Reasonable Expenses of Litigation. DE 68; DE 74. The Motion for Costs is fully briefed at docket entries 67, 71, and 72. The Motion for Award of Attorney's Fees and Reasonable Expenses of Litigation is fully briefed at docket entries 73, 75, and 76. The Court has carefully considered the briefing and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Court recommends that the Motion for Costs be **GRANTED IN PART AND DENIED IN PART** and that the Motion for Award of Attorney's Fees and Reasonable Expenses of Litigation be **GRANTED IN PART AND DENIED IN PART**.

### I.        Background

Plaintiff David Thompson initiated this case in October 2020 against his former employer, Defendant Regions Security Services, Inc., seeking unpaid overtime wages under the Fair Labor

Standards Act ("FLSA").  DE 1.  Judge Dimitrouleas granted Defendant judgment on the pleadings in March 2021, and Plaintiff appealed.  DE 14; DE 15; DE 16.  The Eleventh Circuit Court of Appeals issued a mandate in the appeal in July 2023, vacating the judgment and remanding for further proceedings.  DE 20.  The Eleventh Circuit also taxed $606.35 in appellate costs against Defendant.  *Id.* at 26.  The case then proceeded through discovery and to summary judgment, and in April 2024, Judge Dimitrouleas granted Plaintiff summary judgment on liability and set the case for a trial on damages.  DE 58.

Thereafter, Defendant made an offer of judgment under Federal Rule of Civil Procedure 68(c) in the amount of $5,650.82 in full satisfaction of claimed wages and liquidated damages.  DE 61-1; *see* Fed. R. Civ. P. 68(c) ("When one party's liability to another has been determined but the extent of liability remains to be determined by further proceedings, the party held liable may make an offer of judgment.").  The written offer of judgment stated that the offer was "made without prejudice to [Plaintiff's] right to seek attorney's fees and costs," that the offer was "not an admission or confession of liability," and that Defendant "retain[ed] the right to appeal the Court's determination of liability."  DE 61-1 at 2.  Plaintiff accepted the offer of judgment.  DE 61.

Judge Dimitrouleas then "reviewed the record and the Offer and [found] that the settlement [was] fair and reasonable."  DE 62 at 1; *see Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–55 (11th Cir. 1982) (requiring a settlement that resolves an FLSA claim to either be presented to the Secretary of Labor or be scrutinized by a court to determine whether it is a fair and reasonable resolution of a bona fide FLSA dispute).  Judge Dimitrouleas entered final judgment in favor of Plaintiff in the amount of $5,650.82 for unpaid overtime compensation and liquidated damages, dismissed the case with prejudice, retained jurisdiction to determine Plaintiff's

reasonable attorney's fees and costs, and took "no position on what appeal rights Defendant has retained by its Offer of Judgment and Plaintiff's acceptance thereof." DE 62 at 2.

Defendant appealed. DE 66. Judge Dimitrouleas authorized Defendant to "obtain a stay of execution on the judgment and proceedings to enforce it during the pendency of [the] appeal by posting a supersedeas bond or other security in the amount of $6,215.91 (110% of the judgment) into the registry of the Court until the resolution of [the] appeal." DE 64; *see* Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security."). Defendant then paid $6,215.91 into the Court registry. DE 65. The instant Motions followed. DE 67; DE 73.

## II.    Plaintiff's Entitlement to Fees and Costs

Defendant challenges Plaintiff's entitlement to an award of attorney's fees and costs at this juncture of the litigation. Defendant contends that the Court should not award attorney's fees or costs because Plaintiff does not have the status of a prevailing party.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). In an FLSA case, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The FLSA "makes fee awards mandatory for prevailing plaintiffs." *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985).

A party is prevailing when there has been a "judicially sanctioned change in the legal relationship of the parties" and the party "has been awarded some relief by the court." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603–05 (2001). In *Buckhannon*, the Supreme Court gave "judgments on the merits" and "settlement agreements

enforced through a consent decree" as examples of judicial acts that change the legal relationships of parties. *Id.* at 604. But the Supreme Court "did not say that those two resolutions are the only sufficient bases upon which a plaintiff can be found to be a prevailing party." *Am. Disability Ass'n v. Chmielarz*, 289 F.3d 1315, 1319 (11th Cir. 2002) (stating that an interpretation of "*Buckhannon* to stand for the proposition that a plaintiff could be a 'prevailing party' *only* if it achieved one of those two results" was "overly narrow"). A court's "explicit retention of jurisdiction [to enforce a settlement agreement] or the court's order specifically approving the terms of the settlement are . . . the functional equivalent of the entry of a consent decree" for the purpose of changing the legal relationship of the parties. *Id.* at 1320; *see also Wolff v. Royal Am. Mgmt., Inc.*, 545 F. App'x 791, 793 (11th Cir. 2013) (explaining that a consent judgment or its functional equivalent evinces a court's determination that an FLSA settlement is a fair and reasonable resolution of a bona fide FLSA dispute as required under *Lynn's Food Stores*); *Goss v. Killian Oaks House of Learning*, 248 F. Supp. 2d 1162, 1167 (S.D. Fla. 2003) (stating that "a court's approval of a settlement or retention of jurisdiction to enforce a settlement is a judicially sanctioned change in the legal relationship of the parties").

Here, Judge Dimitrouleas approved the parties' settlement as fair and reasonable. DE 62 at 1. His approval of a settlement that awarded Plaintiff relief was a judicially sanctioned change in the parties' legal relationship, making Plaintiff a prevailing party. *See Buckhannon*, 532 U.S. 603–05; *Chmielarz*, 289 F.3d at 1320.

Defendant contends that Plaintiff is not a prevailing party because a court's entry of a Rule 68 judgment typically is a ministerial act rather than a judicial sanction and because Plaintiff's ability to execute the judgment and proceed to enforce it has been stayed due to Defendant posting a bond. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*,

4

298 F.3d 1238, 1250 (11th Cir. 2002) (Marcus, C.J., concurring) ("It is not, however, altogether clear to me that an ordinary Rule 68 judgment can be said to be judicially sanctioned. While a Rule 68 judgment is, like any other judgment including those entered pursuant to consent decrees, directly enforceable by the court, entry of a Rule 68 judgment is generally ministerial rather than discretionary, leaving a district court no room to review the terms of a Rule 68 offer." (emphasis, citation, and quotation marks omitted)); Fed. R. Civ. P. 62(b) (permitting a party to obtain a stay by posting a bond). But Judge Dimitrouleas' entry of *this* judgment was not purely ministerial because he reviewed the parties' settlement and approved it as fair and reasonable. DE 62 at 1; *see Lynn's Food Stores*, 679 F.2d at 1355 (requiring a court to determine whether a settlement of an FLSA claim is a fair and reasonable resolution of a bona fide FLSA dispute). And regardless of whether Plaintiff can presently proceed to enforce the judgment, Judge Dimitrouleas' approval of the settlement was a judicial sanction that changed the legal relationship of the parties and gave Plaintiff the status of a prevailing party. *See Chmielarz*, 289 F.3d at 1320; *Wolff*, 545 F. App'x at 793; *Goss*, 248 F. Supp. 2d at 1167.

The pending appeal does not deprive Plaintiff of prevailing party status or deprive this Court of jurisdiction to award attorney's fees and costs. *See Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 64 (11th Cir. 1982) ("It is well settled in this circuit that costs may be taxed after a notice of appeal has been filed."); *Domond v. PeopleNetwork APS*, 750 F. App'x 844, 847 (11th Cir. 2018) ("After a notice of appeal has been filed, the district court retains jurisdiction to rule on motions that are collateral to the merits, including motions for attorney's fees."). This Court does have discretion to defer a ruling on attorney's fees and costs while the appeal is pending. *See* Fed. R. Civ. P. 54(d)(2) advisory committee's note to 1993 amendment ("If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or

may deny the motion without prejudice, directing . . . a new period for filing after the appeal has

been resolved.").  This Court exercises its discretion to issue a Report and Recommendation on

Plaintiff's Motions now for efficiency, given that the parties have fully briefed the Motions and

the Court has thoroughly reviewed the Motions and the record.

### III.    Plaintiff's Motion for Costs

Plaintiff seeks an award of $2,820 in taxable costs, consisting of the $400 court filing fee,

$90 for service of process on two individuals, $1,683.65 for two transcripts,[1] a $40 witness fee,

and $606.35 that the Eleventh Circuit taxed against Defendant.  Defendant challenges only the

taxation of transcript costs.  The remaining costs for court filing, service of process, a witness, and

appeal are taxable as part of a costs award, and the Court recommends that Plaintiff be awarded

those costs, totaling $1,136.35.  *See* 28 U.S.C. § 1920(1), (3) (permitting taxation of fees paid to

the clerk of court and to witnesses); Fed. R. App. P. 39 (permitting taxation of appellate costs);

*Guerra v. Ameri-Clean Pumping, Inc.*, No. 18-22998-CV, 2019 WL 1859243, at *4 (S.D. Fla. Apr.

25, 2019) ("Plaintiff may also recover the costs associated with service of process.  Service of

process fees must not, however, exceed the cost of having the United States marshal effectuate

service – a cost currently capped at $65.00 per hour.").

As for Plaintiff's transcript costs, "[f]ees for printed or electronically recorded transcripts

necessarily obtained for use in the case" are taxable as part of a costs award.  28 U.S.C. § 1920(2).

"A district court may tax costs associated with the depositions submitted by the parties in support

of their summary judgment motions."  *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir.

2000) (quotation marks omitted).  But "[w]here the deposition costs were merely incurred for

---

[1] In his Motion for Costs, Plaintiff seeks $1,783.65 for transcripts and a total of $2,920 in taxable costs.  DE 67-2 at 2. In his Reply, however, he withdraws his request for $100 consisting of $70 for litigation support packages with condensed transcripts and $30 for transcript delivery.  DE 72 at 1, 9.

convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Id.* at 620 (quotation marks omitted).

Here, the transcripts at issue are from the depositions of Carlos Rivero and Natalia Restrepo.  DE 67-2 at 9, 11.  Plaintiff used both of those transcripts to support his summary judgment motion.  DE 30-5; DE 30-6.  The costs of the two transcripts total $1,174.25.  DE 67-2 at 9, 11.

Defendant argues that Plaintiff should only recover the cost of the transcript pages Plaintiff submitted in support of his summary judgment motion.  But "[c]ourts do no[t] limit costs to those portions of the depositions actually filed with a motion for summary judgment," and Defendant has cited no authority ruling otherwise. *Price v. United Techs. Corp.*, No. 99-8152-CIV, 2001 WL 36085163, at *2 (S.D. Fla. July 27, 2001).  It is unreasonable to expect a party to know before he reviews the full transcript which pages he will use to support his case and thereby order only those pages.  The Court recommends that Plaintiff be awarded $1,174.25 for the costs of the transcripts from the Carlos Rivero and Natalia Restrepo depositions.

 The court reporters' bills also include appearance fees of $360 for 8 hours, and Defendant contends that Plaintiff should not recover these fees.  DE 67-2 at 9, 11.  "There is a split in this District whether court reporter appearance fees constitute taxable costs," but "[t]he majority position is that these fees are recoverable." *Mama Jo's, Inc. v. Sparta Ins. Co.*, No. 17-cv-23362, 2020 WL 6731235, at *11 (S.D. Fla. Oct. 20, 2020) ("I agree that appearance fees are recoverable because the court reporter cannot prepare the transcript unless the reporter is present to transcribe the witness' testimony."), *report & recommendation adopted*, 2020 WL 6729401 (S.D. Fla. Nov. 16, 2020); *see also Rakip v. Paradise Awnings Corp.*, No. 10-20004-CIV, 2014 WL 12737632, at *6 (S.D. Fla. Jan. 2, 2014) ("The majority of courts in this district and the appellate courts which

have addressed the issue have found that court reporter attendance fees are generally recoverable under § 1920(2)."), *report & recommendation adopted*, 2022 WL 1320410 (S.D. Fla. May 3, 2022); *Feise v. N. Broward Hosp. Dist.*, No. 14-cv-61556, 2017 WL 3315144, at *3 (S.D. Fla. Aug. 3, 2017) (reasoning that the word "fees" in § 1920(2) "includes all costs associated with preparing the transcript, which would necessarily include the court reporter's appearance fee"). The Court agrees with the reasoning of these cases and concludes that court reporter appearance fees are taxable under 28 U.S.C. § 1920(2). The Court recommends that Plaintiff be awarded $360 for the court reporter appearance fees.

Finally, the court reporters' bills include fees of $149.40 for handling 249 pages of exhibits, and the bills reflect that these fees are for scanning, marking, downloading, and archiving exhibits. DE 67-2 at 9, 11. Plaintiff explains why exhibit handling was necessary during the depositions and was not merely a matter of convenience, preparation, or investigation: "Exhibits were used to cross examine the witnesses. The court reporter needed to copy the exhibits and attach them to the depositions." DE 72 at 8. Because exhibit handling was a necessary part of preparing the transcripts, the Court recommends that Plaintiff be awarded $149.40 for the exhibit handling fees.

Thus, the Court recommends that the Motion for Costs be granted in part and denied in part and that Plaintiff be awarded $2,820 in taxable costs, consisting of the $400 court filing fee, $90 for service of process, $1,683.65 for transcripts, the $40 witness fee, and $606.35 that the Eleventh Circuit taxed against Defendant. The Court recommends that the Motion for Costs be denied only insofar as Plaintiff be denied $100 incurred for litigation support packages with condensed transcripts and transcript delivery, as he has withdrawn his request for those fees.

### IV.    Plaintiff's Motion for Attorney's Fees and Other Litigation Expenses

In his Motion for Award of Attorney's Fees and Reasonable Expenses of Litigation, Plaintiff seeks an award of $109,812.50 in attorney's fees and $892.68 in non-taxable costs. Plaintiff seeks fees for three attorneys: Robert S. Norell, James A. Peterson, and Christopher C. Sharp.  Defendant argues that the Motion should be denied in its entirety for Plaintiff's failure to comply with the Southern District of Florida Local Rules and the CM/ECF Administrative Procedures.  If the Motion is not denied in its entirety for that reason, Defendant challenges the reasonableness of Plaintiff's counsel's hourly rates, the reasonableness of the number of hours billed, and the costs being sought.

### A.  The Local Rules and CM/ECF Administrative Procedures

A party seeking attorney's fees or non-taxable costs must serve its draft motion on the opposing party at least 30 days prior to the deadline to file it.  Southern District of Florida Local Rule 7.3(b).  Within 21 days of service, "the parties shall confer and attempt in good faith to agree on entitlement to and the amount of fees and expenses."  *Id.*  A motion seeking attorney's fees must, among other things, provide "a description of the tasks done during" the hours billed. Southern District of Florida Local Rule 7.3(a)(5)(C).

Defendant contends that Plaintiff served an inadequate draft motion, failed to meaningfully confer about the draft, and filed an inadequate final motion in that Plaintiff's counsel's billing statements reflect block billing and contain vague entries, such that they do not sufficiently describe the tasks performed or permit meaningful conferral.  "Block billing is defined as billing multiple unrelated tasks in one billing entry, such that it becomes difficult, if not impossible, to calculate with any precision the number of hours an attorney devoted to a particular task." *Johnston v. Borders*, 36 F.4th 1254, 1279 n.46 (11th Cir. 2022).

The Court has reviewed Plaintiff's counsel's billing statements.  The statements of Attorneys Norell and Peterson do not reflect block billing, as each task is listed as a separate entry. *See* DE 73-1 at 10–36; DE 73-2 at 6–14.  Some of the entries on Attorney Sharp's billing statement contain two or three tasks, but those entries most often involve reviewing a document or matter and then communicating with co-counsel regarding that same document or matter.  *See* DE 73-3 at 9–10.  Furthermore, Attorney Sharp's billing statement is not extensive, containing only 21 entries spanning a period of less than two and a half months.  *See id.*  The manner of billing does not frustrate the Court's ability to ascertain the time that Attorney Sharp devoted to particular tasks.  Nor are any of the billing statements so vaguely worded as to frustrate the Court's ability to ascertain the attorneys' tasks.  The Court recommends that Plaintiff's Motion not be denied for failure to comply with Southern District of Florida Local Rule 7.3(a)(5)(C), (b).

A motion seeking attorney's fees must, among other things, "disclose the terms of any applicable fee agreement."  Southern District of Florida Local Rule 7.3(a)(4).  Defendant argues that Plaintiff has not complied with Local Rule 7.3(a)(4).  However, Plaintiff discloses that "the professional services agreement between the Plaintiff and Robert S. Norell, P.A. provides that the Plaintiff will pay an hourly rate of $395.00 for services rendered by Robert S. Norell, P.A. for the recovery of unpaid overtime compensation."  DE 73 at 3.  Plaintiff further discloses that he did not have separate fee agreements with Attorneys Peterson and Sharp.  DE 76 at 4 n.1.  Defendant provides no support for a proposition that more detail is needed to satisfy Local Rule 7.3(a)(4).  In addition, Defendant itself has not complied with Local Rule 7.3(a) by providing its counsel's hourly rate.  *See* Southern District of Florida Local Rule 7.3(a) (stating that, if a party opposing an award of attorney's fees "objects to an hourly rate, its counsel must submit an affidavit giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other

arrangements that could change the effective hourly rate").  Under these circumstances, the Court recommends that Plaintiff's Motion not be denied for failure to comply with Southern District of Florida Local Rule 7.3(a)(4).

"Court filings made via the CM/ECF system must be in a text searchable format." CM/ECF NextGen Administrative Procedure 3G(5).  Defendant correctly points out that Attorney Sharp's billing statement is not in a text searchable format.  *See* DE 73-3 at 9–10.  However, Attorney Sharp's billing statement spans only one and a half pages and contains only 21 entries. The billing statement is not so extensive that the lack of a text searchable format frustrates the Court's review.  The Court recommends that Plaintiff's Motion not be denied for failure to comply with CM/ECF NextGen Administrative Procedure 3G(5).

### B.  Reasonableness of Counsel's Hourly Rates

Reasonable attorney's fees are calculated by determining the lodestar, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.  *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  A court "may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment."  *Id.* at 1303 (quotation omitted).  The fee applicant bears the burden of documenting appropriate hours and hourly rates.  *Id.*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."  *Id.* at 1299.  The fee applicant has the burden to produce satisfactory evidence that the requested hourly rate is in line with prevailing market rates.  *Id.*

Plaintiff seeks an hourly rate of $450 for Attorney Norell who provided services from October 2020 to July 2024, an hourly rate of $375 for Attorney Peterson who provided services

from November 2021 to June 2024, and an hourly rate of $475 for Attorney Sharp who provided services from April 2024 to June 2024.  Defendant objects to an hourly rate above the $395 rate provided for in Plaintiff's fee agreement with Robert S. Norell, P.A.  *See* DE 73 at 3.  The Court agrees with Plaintiff that the fee agreement does not bind the Court, as it must award a reasonable hourly rate based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation.  *See Norman*, 836 F.2d at 1299.

The Court has reviewed Attorney Norell's declaration, where he states that he has been practicing in employment litigation since 1994 and has worked at his own law firm, Robert S. Norell, P.A., since he founded it in 1996.  DE 73-1.  The Court has considered counsel's qualifications, experience, skill level, and reputation.  The Court has personal experience with Attorney Norell, as he has appeared before the Court in other cases.  The Court has also considered the acceptable hourly rates of attorneys in FLSA cases in the Southern District of Florida.  The Court concludes that an hourly rate of $375 is reasonable for Attorney Norell's work in this case from 2020 through 2022.  This hourly rate is consistent with other fee awards that Attorney Norell received during the same time period.  *E.g., Alushani v. ICS Grp., LLC*, No. 21-CV-61492, 2022 WL 6776318, at *3 (S.D. Fla. Sept. 23, 2022) ("Accordingly, based on counsel's experience/qualifications, the prevailing market rates in South Florida, and the undersigned's prior rulings in similar FLSA cases, the Court finds that $375/hr is a reasonable rate for the work performed by [A]ttorney Norell."), *report & recommendation adopted*, 2022 WL 6732821 (S.D. Fla. Oct. 11, 2022); *Pena v. DSM Logistics Corp V*, No. 20-CV-62216, 2021 WL 3115915, at *3 (S.D. Fla. June 29, 2021) ("Accordingly, based on his experience, qualifications, and the prevailing market rates in South Florida, the undersigned finds that $375 is a reasonable hourly rate for the

work performed by [A]ttorney Norell."), *report & recommendation adopted*, 2021 WL 3113057 (S.D. Fla. July 22, 2021).

The Court believes that a rate increase is reasonable for 2023 and 2024 to adjust for factors such as inflation and Attorney Norell's level of experience. However, hourly rates above $400 are awarded only rarely in FLSA cases in the Southern District of Florida. *E.g., Telleria v. Espinosa*, No. 22-CV-21130, 2023 WL 2768059, at *4 (S.D. Fla. Apr. 4, 2023) ("[A] court in this district noted that [while] it was aware of a small handful of cases that have awarded rates up to $450 in FLSA cases in this district, those cases are few and far between. A rate above $400 seems to be the exception rather than the rule. In fact, $375 has been considered to be at the high end of the range of rates charged in this district for FLSA attorneys." (quotation marks omitted)). The Court does not believe that this is the rare FLSA case that justifies an hourly rate above $400. During 2023 and 2024, Attorney Norell billed primarily for (1) discovery-related matters, which he has not demonstrated were particularly difficult; and (2) the summary judgment motions, a stage at which he had the assistance of co-counsel. *See* DE 73-1 at 26 and DE 73-3 at 9 (Attorneys Norell and Sharp both billing for preparing for the oral argument on the motions for summary judgment). The Court concludes that an hourly rate of $400 is reasonable for Attorney Norell's work in this case in 2023 and 2024.

Attorney Norell seeks his present hourly rate for his work for the entire duration of this case from 2020 through 2024. Eleventh Circuit authority supports using a current market rate to calculate fees incurred in the past under certain circumstances. *See Gray ex rel. Alexander v. Bostic*, 613 F.3d 1035, 1045 (11th Cir. 2010) (explaining that "courts compensating for delay in the payment of fees had done so either by using current rates for the entire fee calculation, or by using the rates in place when the work was performed and then adjusting that amount to reflect

present value"). Enhancing a fee award by using current rates or adjusted rates is appropriate only in "unusual cases" where "the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted" or in "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees, especially where the delay is unjustifiably caused by the defense." *Id.* at 1044–45 (quotation marks omitted).

The Court does not believe that this is one of the unusual or extraordinary cases where litigation was exceptionally protracted or where there was exceptional delay. This case was pending for approximately three and a half years before the entry of final judgment. Two years of that time was due to the first appeal. An appeal mid-case is not unusual or extraordinary. Outside of the first appeal, the case was pending in district court for less than five months before Judge Dimitrouleas granted judgment on the pleadings and for less than ten months between the time that the Eleventh Circuit issued a mandate and the time that Judge Dimitrouleas entered final judgment. This case did not necessitate deadline extensions or a protracted discovery period. The Court concludes that it would not be reasonable to compensate Attorney Norell at his present, higher hourly rate for his work for the entire duration of this case.

The Court has reviewed the declarations of Attorneys Peterson and Sharp. DE 73-2; DE 73-3. Attorney Peterson states that he has been practicing primarily in civil litigation since 2004 and has worked at his own law firm, Peterson Legal P.A., since he founded it in 2015. Attorney Sharp states that he has been practicing since 1993 and presently works at his own law firm, Sharp Law Firm, P.A. The Court has considered counsel's qualifications, experience, skill levels, and reputations, as well as the acceptable hourly rates of attorneys in FLSA cases in the Southern District of Florida. The Court concludes that the hourly rate of $375 that Attorney Peterson seeks for his work in this case from 2021 to 2024 is reasonable. The Court further

concludes that an hourly rate of $400 is reasonable for Attorney Sharp's work in this case in 2024. Thus, the Court recommends the following hourly rates as reasonable: $375 for Attorney Norell's work from 2020 through 2022, $400 for Attorney Norell's work in 2023 and 2024, $375 for Attorney Peterson, and $400 for Attorney Sharp.

### C. Reasonableness of the Hours Billed

In determining the number of hours reasonably expended, a court should exclude excessive, redundant, and unnecessary hours. *Norman*, 836 F.2d at 1301. Plaintiff seeks a fees award for 205.05 hours that Attorney Norell billed, 27.9 hours that Attorney Peterson billed, and 14.9 hours that Attorney Sharp billed. Defendant contends that most of counsel's

> time entries are objectionable as providing insufficient details, excessive to the needs of the case, duplicative of work performed by others (including staff personnel), otherwise related to work performed on an appeal that is still pending and for which therefore there can be no "prevailing party" status, or related to mediation, which is not compensable in this case, since mediation costs are not compensable as costs, and since [Plaintiff] cannot show that he mediated in good faith.

DE 75 at 13. Defendant attaches to its Response an exhibit where it has placed check marks next to the relatively few time entries that it believes are "acceptable for purposes of the initial lodestar analysis." *Id.*; DE 75-1.

A party opposing an award of attorney's fees or non-taxable costs "shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount, and shall provide supporting legal authority." Southern District of Florida Local Rule 7.3(a). Defendant has not complied with Local Rule 7.3(a) because it has not identified which time entries it objects to for which reason with supporting authority. Instead, Defendant has briefed its argument that billing entries are unreasonable in only a perfunctory manner. Arguments that are raised in a perfunctory manner, undeveloped, and unsupported with

citation to legal authority are deemed waived. *Atmos Nation, LLC v. BNB Enter., LLC*, No. 16-62083-CIV, 2017 WL 3763949, at *2 (S.D. Fla. Apr. 24, 2017) ("It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to put flesh on its bones." (quotation marks omitted)).

Defendant objects to such time entries as those for communicating with opposing counsel, writing the appellate briefs, and preparing discovery requests and for depositions. *See, e.g.*, DE 75-1 at 2–5, 8, 11. Defendant does not explain why time entries such as these are objectionable or how they could contain more detail that would be meaningful and helpful. Defendant has waived most of its objections to the time entries by failing to develop the objections.

As for the objection to time entries related to mediation, Defendant argues that Plaintiff did not mediate in good faith because he requested relief in the form of "straight-time wages" that is not available under the law. Defendant cites no authority standing for a proposition that a party lacks good faith if he takes an incorrect legal position or a legal position that the opposing party disputes. Nor does Defendant point to any court order ruling against a legal position that Plaintiff took. Defendant has not provided a basis not to award fees for time billed related to mediation.

The Court agrees with Defendant that Plaintiff should not be awarded fees incurred for work on the appeal that is pending. A request for fees for the pending appeal should be made by following the Eleventh Circuit's rules. *See* 11th Cir. R. 39-2.[2] The Court recommends reducing

---

[2] The Eleventh Circuit's rules permit this Court to assess attorney's fees for the prior appeal that resulted in a remand in Plaintiff's favor. *See* 11th Cir. R. 39-2(e) ("When a reversal on appeal, in whole or in part, results in a remand to the district court for trial or other further proceedings (e.g., reversal of order granting summary judgment, or denying a new trial), a party who may be eligible for attorney's fees on appeal after prevailing on the merits upon remand may, in lieu of filing an application for attorney's fees in this court, request attorney's fees for the appeal in a timely application filed with the district court upon disposition of the matter on remand.").

Attorney Norell's hours by the following, totaling 5.7 hours:[3]

- 0.2 hours billed on May 20, 2024, to review caselaw on whether Defendant has retained the right to appeal;

- 0.1 hours billed on June 20, 2024, to review appellate court docketing;

- 0.5 hours billed on July 1, 2024, to review appellate court docketing;

- 0.6 hours billed on July 2, 2024, to complete forms and disclosures for the appeal;

- 0.2 hours billed on July 9, 2024, to review appellate court docketing; and

- 4.1 hours billed on July 15 and 16, 2024, related to a jurisdictional question the Eleventh Circuit posed.

The Court recommends the following hours as reasonable: 199.35 hours for Attorney Norell (61.4 hours from 2020 through 2022 and 137.95 hours in 2023 and 2024), 27.9 hours for Attorney Peterson, and 14.9 hours for Attorney Sharp. Applying hourly rates of $375 for Attorney Norell for 2020 through 2022 and $400 for him for 2023 and 2024, his fees total $78,205. Applying hourly rates of $375 for Attorney Paterson and $400 for Attorney Sharp, their fees total $10,462.50 and $5,960, respectively.  Using these amounts, the lodestar is $94,627.50.

**D. Lodestar Adjustment**

"A lodestar figure that is based upon a reasonable number of hours spent on a case multiplied by a reasonable hourly rate is itself strongly presumed to be reasonable."  *Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993).  But "[a]fter the lodestar is determined by multiplication of a reasonable hourly rate times hours reasonably expended, the court must next consider the necessity of an adjustment for results obtained."  *Norman*, 836 F.2d

---

[3] The Court has not reduced Attorney Norell's hours for time spent to review docket entries on the district court docket, even though some entries relate to the pending appeal.  *E.g.*, DE 66 (notice of appeal); DE 70 (transcript order form). The Court considers it reasonable for the purpose of the district court case for Attorney Norell to have reviewed docket entries on the district court docket.  The Court has reduced Attorney Norell's hours for time spent to review docket entries on the appellate court docket.

at 1302. The court should compensate for all hours reasonably expended if the results were excellent and should reduce the lodestar to an amount that is not excessive if the results were of partial or limited success. *Id.* "A reduction is appropriate if the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Id.* The court may reduce the lodestar by identifying specific hours spent on unsuccessful claims or may simply reduce by some proportion. *Id.*

Defendant maintains that the Court should reduce the lodestar by 40% because "the amount of the judgment is so small" and because much of the time billed pertained to a legal position—that Plaintiff was entitled to unpaid "straight-time wages" in addition to unpaid overtime wages—that Defendant contends Plaintiff failed to succeed on. DE 75 at 14. Defendant points to no time entries related to this legal position. Defendant cites to a mere two sentences in Plaintiff's summary judgment motion, one sentence in Plaintiff's statement of material facts, and one exhibit to show that Plaintiff asserted this legal position. *See* DE 29 at 14 ("And since reducing Thompson's regular rate was unlawful, Thompson is entitled to an extra $1.85 per hour for non-overtime wages. Thompson's unpaid wages come to $6,546.51."); DE 30 ¶ 33 ("Regions' reduction of Thompson's regular rate from $13 to $11.15 caused him to lose wages in the amount of $6,546.51."); DE 36-1 at 2. The Court cannot conclude that counsel billed any meaningful amount of time related to this legal position, that the time billed is excessive in light of the legal position, that the legal position expanded the scope of the case, or that the legal position necessitates an adjustment of the lodestar. Furthermore, courts in the Southern District of Florida have concluded that no reductions of the lodestar were appropriate even where the plaintiffs settled for less than the amount being claimed. *See Telleria*, 2023 WL 2768059, at *4 (citing caselaw for the proposition that, "[i]n multiple cases in this district where an FLSA claim settled prior to trial,

18

courts have determined that no lodestar reduction is necessary even when the plaintiff settles for less than 50% of the amount of their Statement of Claim" and disagreeing with a Magistrate Judge's recommendation that a 40% lodestar reduction was appropriate given the limited results obtained).

As for Defendant's argument that reducing the lodestar is warranted because "the amount of the judgment is so small," courts have rejected a proposition that an award of attorney's fees must be proportional to a plaintiff's judgment, particularly in FLSA cases where awards of reasonable attorney's fees to prevailing plaintiffs are mandatory and where plaintiffs' judgments typically are modest. *P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 846, 851 (11th Cir. 2019) (affirming an award of attorney's fees of $116,129.56 in an FLSA case where the plaintiff's judgment was $12,616); *Brandt v. Magnificent Quality Florals Corp.*, No. 07-20129-CIV, 2011 WL 4625379, at *12 (S.D. Fla. Sept. 30, 2011) ("While the nature of the results obtained may result in an upward or downward adjustment of the lodestar, fee awards should not simply be proportionate to the results obtained, especially in the context of FLSA cases, where it is not uncommon for fee awards to exceed the Plaintiff's recovery in order to ensure that individuals with relatively small claims can obtain representation necessary to enforce their rights." (alteration and quotation marks omitted)). The Court concludes that no reduction of the lodestar is warranted in this case. The Court recommends that Plaintiff be awarded $94,627.50 in attorney's fees.

**D. Litigation Expenses**

Finally, Plaintiff seeks an award of $892.68 in non-taxable costs, consisting of $33.93 for milage to and from the United States Court of Appeals in Miami and $858.75 for the mediation fee. The FLSA does not limit a prevailing plaintiff's collectible costs to taxable costs. *See* 29 U.S.C. § 216(b) (requiring a court to, "in addition to any judgment awarded to the plaintiff

19

or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action").

When a fee-shifting statute applies, a prevailing party is not limited to an award of only those costs

that are taxable under 28 U.S.C. § 1920.  *Evans v. Books-A-Million*, 762 F.3d 1288, 1299 (11th

Cir. 2014) ("Based upon these precedents, it would appear that the definition of costs under § 1920

is not controlling . . . .").  The prevailing party may be awarded non-taxable costs if "they were

reasonably incurred in the course of case preparation, settlement, or litigation" and "it is the

prevailing practice in the legal community to bill fee-paying clients separately for those expenses."

*Id.* (explaining that the plaintiff could be entitled to costs for mediation, legal research, postage,

and travel and remanding for factfinding on the prevailing practice in the local community).

Courts in the Southern District of Florida have awarded prevailing parties the cost of

mediation under the FLSA.  *E.g., Badillo v. Sam Perks Co.*, No. 20-CV-62381, 2022 WL 7609426,

at *3 (S.D. Fla. Sept. 26, 2022) (finding a mediation fee recoverable under the FLSA), *report &*

*recommendation adopted*, 2022 WL 7512581 (S.D. Fla. Oct. 13, 2022); *Roldan v. Pure Air Sols.,*

*Inc.*, No. 07-22203-Civ, 2010 WL 410571, at *8 (S.D. Fla. Jan. 29, 2010) (same).  Plaintiff

produced an invoice documenting that $858.75 was his half of the mediation fee.  DE 73-4.  The

Court recommends that Plaintiff be awarded his part of the mediation fee.

Plaintiff does not argue, much less demonstrate, that separately billing clients for mileage

is a prevailing practice in the legal community, and the Court has located no authority on this issue.

The Court recommends that Plaintiff not be awarded the $33.93 that he seeks for milage to and

from the United States Court of Appeals.

## IV.   Recommendation

For the foregoing reasons, the Court recommends that Plaintiff's Motion for Costs [DE 67]

be **GRANTED IN PART AND DENIED IN PART** and that Plaintiff be awarded $2,820 in

taxable costs.  The Court further recommends that Plaintiff's Motion for Award of Attorney's Fees and Reasonable Expenses of Litigation [DE 73] be **GRANTED IN PART AND DENIED IN PART** and that Plaintiff be awarded $94,627.50 in attorneys fees and $858.75 in non-taxable costs. Using these amounts, Plaintiff's total award for fees and costs would be $98,306.25.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 11th day of October, 2024.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE