UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:20-CV-62152-DIMITROULEAS/AUGUSTIN-BIRCH

DAVID THOMPSON,

    Plaintiff,

v.

REGIONS SECURITY SERVICES, INC.,

    Defendant.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR A SUPPLEMENTAL AWARD OF ATTORNEY'S FEES**

This matter comes before the Court on Plaintiff David Thompson's Motion to Reopen the Case and for a Supplemental Award of Attorney's Fees. DE 87. The Honorable William P. Dimitrouleas, United States District Judge, denied Plaintiff's request to reopen the case and referred to the undersigned United States Magistrate Judge Plaintiff's request for a supplemental award of attorney's fees. DE 88. The matter is fully briefed at docket entries 87, 89, and 90. The Court has carefully considered the briefing and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Court recommends that the Motion for a Supplemental Award of Attorney's Fees [DE 87] be **DENIED WITHOUT PREJUDICE**.

In its Response, Defendant Regions Security Services, Inc. raises two arguments that the Court lacks jurisdiction to entertain the Motion for a Supplemental Award of Attorney's Fees. As its first jurisdictional argument, Defendant contends that Judge Dimitrouleas did not reserve jurisdiction over a supplemental fees request. DE 89 at 6–7. "After a notice of appeal has been filed, the district court retains jurisdiction to rule on motions that are collateral to the merits,

including motions for attorney's fees." *Domond v. PeopleNetwork APS*, 750 F. App'x 844, 847 (11th Cir. 2018); *see also Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007) ("[T]he district court may retain jurisdiction to consider motions that are collateral to the matters on appeal. For example, we have held that the district court may entertain a motion for attorney's fees after a notice of appeal has been filed in the underlying case." (citation omitted)). When entering the Final Judgment, Judge Dimitrouleas "retain[ed] jurisdiction to determine Plaintiff's reasonable attorney's fees." DE 62 at 2. In accordance with that retention of jurisdiction, this Court previously issued a Report and Recommendation on Plaintiff's initial Motion for Award of Attorney's Fees, and Judge Dimitrouleas approved that Report and Recommendation and awarded Plaintiff $94,627.50 in attorney's fees. *See* DE 73; DE 78; DE 81. The Court does not believe that it matters that the Final Judgment did not specify whether jurisdiction was retained over a first motion for attorney's fees, a second motion for attorney's fees, a supplemental motion for attorney's fees, or any other possible title of a motion seeking attorney's fees. Judge Dimitrouleas "retain[ed] jurisdiction to determine Plaintiff's reasonable attorney's fees"—he retained jurisdiction over the issue of Plaintiff's reasonable attorney's fees. DE 62 at 2. Defendant's argument that the Court lacks jurisdiction because Judge Dimitrouleas did not reserve jurisdiction over a supplemental fees request is meritless.

That conclusion does not end the jurisdictional inquiry because, after Judge Dimitrouleas issued his Order awarding Plaintiff $94,627.50 in attorney's fees, Defendant appealed the Order, and the appeal remains pending. DE 82. As its second jurisdictional argument, Defendant asserts that the appeal of the Order on attorney's fees deprives the Court of jurisdiction to consider Plaintiff's Motion for a Supplemental Award of Attorney's Fees. DE 89 at 7–8. This argument has merit.

As already explained above, the issue of attorney's fees is collateral to an appeal on the merits.  But the issue of attorney's fees is *not* collateral when an order on attorney's fees is *itself* appealed, as has occurred in this case.  In such an instance, the district court lacks jurisdiction to consider a supplemental motion for attorney's fees until the appeal on attorney's fees is resolved. *Circuitronix, LLC v. Shenzhen Kinwong Elec. Co.*, No. 17-22462-CIV, 2021 WL 2383832, at *1 (S.D. Fla. Mar. 18, 2021) ("When an appeal is taken from the actual attorneys' fees judgment, the issue of attorneys' [fees] is not collateral to the other issues in the case and an appeal of an attorneys' fees judgment divests a district court of jurisdiction over attorneys' fees issues."), *report & recommendation adopted*, 2021 WL 2380416 (S.D. Fla. June 10, 2021) (denying without prejudice a motion for supplemental attorney's fees to be renewed after termination of an appeal); *Tiara Condo. Ass'n. v. Marsh & McLennan Cos.*, No. 08-80254-Civ, 2010 WL 5464180, at *2 (S.D. Fla. Dec. 1, 2010) ("Similarly, here, Plaintiff's appeal of the initial attorneys' fee award divests this Court of jurisdiction to consider a supplemental motion which involves common issues to those presently on appeal." (citing *Echols v. Parker*, 909 F.2d 795 (5th Cir. 1990))), *report & recommendation adopted*, 2010 WL 5463326 (S.D. Fla. Dec. 19, 2010).  Ruling on the Motion for a Supplemental Award of Attorney's Fees would require the Court to confront such issues as whether Plaintiff is a prevailing party entitled to an award of fees and what the reasonable hourly rate for Plaintiff's counsel is, and these issues were addressed in the Order that is under appeal. *See* DE 78; DE 81; DE 82.

Thus, the Court lacks jurisdiction to rule on the Motion for a Supplemental Award of Attorney's Fees.  The Court therefore recommends that the Motion for a Supplemental Award of Attorney's Fees [DE 87] be **DENIED WITHOUT PREJUDICE**, to be refiled if appropriate after the appeal is resolved.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(a).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2014).

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 4th day of March, 2025.

                                        PANAYOTTA AUGUSTIN-BIRCH
                                        UNITED STATES MAGISTRATE JUDGE